United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————————

No. 03-30681
Summary Calendar

———————————————

RANDY L. ANDERSON

Plaintiff - Appellant,

versus

BP AMOCO CHEMICAL COMPANY;
VASTAR RESOURCES, INC.

Defendants - Appellees.

—————————————————————————————————————————————————

Appeal from United States District Court
for the Eastern District of Louisiana
01-cv-3039 - B

—————————————————————————————————————————————————

Before JOLLY, WIENER and PICKERING, Circuit Judges.

PER CURIAM.[*]

The issue before the court is whether at the trial of this matter the district court erred in

refusing to admit evidence of an alternative method of performing the task the Appellant was

engaged in at the time he was allegedly injured.  Finding no abuse of discretion in the ruling, we

AFFIRM.

Facts and Proceedings Below

Randy Anderson ("Anderson") was a roustabout working dock side for contractor Danos

———————————

[*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

& Curole Marine Contractors, Inc. ("D&C") at BP Amoco Chemical Company's ("BP")[1] shore base in Venice, Louisiana , on February 9, 2001, when he was allegedly injured. Anderson claimed he was injured as he was attempting to remove a sling from pipe which was being off loaded to a rack when a forklift being used in the operation moved unexpectedly.

On October 5, 2001, Anderson filed suit against Appellees for personal injuries allegedly suffered in the February 9 incident. Anderson's Complaint alleged that he did not receive proper assistance, that BP was negligent in not providing a proper forklift and that he was not given proper instructions. In his portion of the Pretrial Order of October 9, 2002, Anderson for the first time alleged negligence on the part of Appellees for not furnishing or employing a proper racking system for the pipe.

The case was tried before a jury on June 9-10, 2003. A verdict was returned in favor of Appellees and final judgment was entered thereon on June 11, 2003. Anderson timely filed his notice of appeal on July 11, 2003.

## Discussion

Anderson's appeal centers on his contention that the trial judge erred in allowing a *de facto* amendment to the pretrial order after trial began to exclude his theory of negligence regarding an allegedly safer method of performing the task at which Anderson was allegedly injured. He also complains that he was not allowed to offer testimony regarding the alleged safer system for racking the pipe. A district court's decision to amend a Pretrial Order is reviewed under an abuse of discretion standard. *See Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 345 (5th Cir. 2002). Evidentiary rulings are reviewed under that same standard. *See*

---

[1] Vastar Resources, Inc. was the predecessor company to BP.

*Texas A & M Research Foundation v. Magna Transportation, Inc.*, 338 F.3d 394, 401 (5ᵗʰ Cir.

2003).

> Plaintiff argues that
>
> [t]he pipe rack was replaced immediately after Anderson's accident with another type of rack which did not require a forklift to lift the pipes off of the ground when the employees were trying to take the slings off of the pipes. Had this rack been available to the D&C employees at the time of this accident, Mr. Anderson would not have been required to remove the iron slings from the pipes while the pipes were suspended in the air with a forklift. Instead, he could have simply slid the slings off of the pipes while the pipes were stationary on the rack.

While this argument by Plaintiff may be true, it does not relieve the Plaintiff of the responsibility

of proving that there was negligence on the part of the Defendants that caused his injuries. This,

according to the jury verdict, he failed to do. He has not appealed that jury finding. It would

have availed Plaintiff nothing to have proven that there was a safer way of accomplishing his task,

unless he proved that there was negligence on the part of the Defendant in the way that the task

was performed.

Counsel for Plaintiff in response to the question of the Court as to "what caused the

injury?," responded "the jerking of the forklift." At another place in the record Plaintiff

acknowledged that "the forklift is the whole issue." Plaintiff had ample opportunity to prove that

the forklift moved and caused his injury, but he did not. The jury found no negligence.

Since Anderson presented no evidence at trial that the racking system in use was

unreasonably dangerous, any evidence of an alternative system was simply irrelevant. The alleged

existence of a safer system was of no "consequence to the determination of the action." *See Fed.*

*R. Evid. 401*. Additionally, the district court properly weighed the evidence regarding the alleged

safer system and found it more prejudicial than probative. *See Fed. R. Evid. 403*.

## Conclusion

A careful review of the evidence in this case leads this court to conclude that the district court did not abuse its discretion in not allowing testimony regarding an allegedly safer pipe racking system. The ruling of the district court and the jury verdict in Appellees' favor is AFFIRMED.